**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF INDIANA**
**INDIANAPOLIS DIVISION**

| | | |
|---|---|---|
| Candy Akins, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:12-cv-852 |
| | ) | |
| Credit Bureau Collection Services, Inc., d/b/a CBCS, an Ohio corporation, | ) | |
| | ) | |
| Defendant. | ) | Jury Demanded |

## COMPLAINT

Plaintiff, Candy Akins, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"), for a finding that Defendant's debt collection actions violated the FDCPA, and to recover damages for Defendant's violations of the FDCPA, and alleges:

## JURISDICTION AND VENUE

1. This Court has jurisdiction, pursuant to § 1692k(d) of the FDCPA and 28 U.S.C. § 1331.

2. Venue is proper in this District because: a) the acts and transactions occurred here; b) Plaintiff resides here; and, c) Defendant resides and transacts business here.

## PARTIES

3. Plaintiff, Candy Akins ("Akins"), is a citizen of the State of Indiana, residing in the Southern District of Indiana, from whom Defendant attempted to collect a delinquent consumer debt allegedly owed for an AT&T account, despite the fact that she was represented by an attorney and had filed bankruptcy.

4. Defendant, Credit Bureau Collection Services, Inc., d/b/a CBCS ("CBCS"), is an Ohio corporation that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, delinquent consumer debts, including delinquent consumer debts in the Southern District of Indiana. In fact, CBCS was acting as a debt collector as to the delinquent consumer debt it attempted to collect from Plaintiff.

5. Defendant CBCS is authorized to conduct business in the State of Indiana and maintains a registered agent within the State of Indiana, see, record from the Indiana Secretary of State, attached as Exhibit A. In fact, CBCS conducts business in Indiana.

6. Defendant CBCS is licensed as a debt collection agency in the State of Indiana, see, record from the Indiana Secretary of State, Securities Division, attached as Exhibit B. In fact, Defendant CBCS acts as a collection agency in Indiana.

## FACTUAL ALLEGATIONS

7. On March 22, 2012, Ms. Akins and her husband filed a Chapter 13 bankruptcy petition in a matter styled In re: Akins, S.D. Ind. Bankr. No. 12-03149-JKC-13. Among the creditors and debt collectors listed on Schedule F of Ms. Akins' bankruptcy petition was CBCS.

8. Accordingly, on March 25, 2012, CBCS was sent, via electronic mail, notice of the bankruptcy by the court, see, the Certificate of Service to the Notice of Chapter 13 Bankruptcy Case, Meeting of Creditors and Deadlines, which is attached as Exhibit C.

9. Nonetheless, Defendant CBCS sent Ms. Akins a collection letter, dated

April 30, 2012, demanding payment of the debt she had owed AT&T prior to the bankruptcy. A copy of this collection letter is attached as Exhibit D.

10. All of Defendant CBCS's collection actions at issue in this matter occurred within one year of the date of this Complaint.

11. Defendant's collection communications are to be interpreted under the "unsophisticated consumer" standard. See, Gammon v. GC Services, Ltd. Partnership, 27 F.3d 1254, 1257 (7th Cir. 1994).

**COUNT I**
**Violation Of § 1692e Of The FDCPA --**
**Demanding Payment Of A Debt That Is Not Owed**

12. Plaintiff adopts and realleges ¶¶ 1-11.

13. Section 1692e of the FDCPA prohibits a debt collector from using any false and/or any deceptive or misleading representation or means in connection with the collection of a debt, including, but not limited to, the false representation of the character, amount or legal status of any debt, see 15 U.S.C. § 1692e(2)(A).

14. Demanding payment of a debt that is no longer owed, due to a bankruptcy, is false and/or deceptive or misleading, in violation of § 1692e of the FDCPA. Randolph v. IMBS, Inc., 368 F3d 726, 728-730 (7th Cir. 2004).

15. Defendant CBCS's violation of § 1692e of the FDCPA renders it liable for actual and statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

**COUNT II**
**Violation Of § 1692c(c) Of The FDCPA --**
**Failure To Cease Communications And Cease Collections**

16. Plaintiff adopts and realleges ¶¶ 1-11.

17. Section 1692c(c) of the FDCPA prohibits a debt collector from communicating with a consumer after a direction to cease communications, and from continuing to demand payment of a debt that the consumer has indicated that they refuse to pay. See, 15 U.S.C. § 1692c(c).

18. Here, the bankruptcy and the notice issued by that court (Exhibit C) told Defendant to cease communications and cease collections. By continuing to communicate regarding this debt and demanding payment (Exhibit D), Defendant violated § 1692c(c) of the FDCPA.

19. Defendant CBCS's violation of § 1692c(c) of the FDCPA renders it liable for actual and statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

**COUNT III**
**Violation Of § 1692c(a)(2) Of The FDCPA –**
**Communicating With A Consumer Represented By Counsel**

20. Plaintiff adopts and realleges ¶¶ 1-11.

21. Section 1692c(a)(2) of the FDCPA prohibits a debt collector from communicating with a consumer if the debt collector knows the consumer is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address, see, 15 U.S.C. § 1692c(a)(2).

22. CBCS was given notice, through Plaintiff's bankruptcy, that Plaintiff was represented by an attorney in connection with her debts. Moreover, Plaintiff's bankruptcy was a matter of public record in the files of the bankruptcy court and was listed on her credit report, and Defendant was aware of Plaintiff's bankruptcy before it sent out the collection letter.

23. By sending a debt collection letter directly to Ms. Akins, despite notice that she was represented by bankruptcy counsel in connection with her debts, Defendant violated § 1692c(a)(2) of the FDCPA.

24. Defendant CBCS's violation of § 1692c(a)(2) of the FDCPA renders it liable for actual and statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

**PRAYER FOR RELIEF**

Plaintiff, Candy Akins, prays that this Court:

1. Find that Defendant CBCS' debt collection actions violated the FDCPA;

2. Enter judgment in favor of Plaintiff Akins, and against Defendant, for actual and statutory damages;

3. Award Plaintiff her costs and reasonable attorneys' fees; and,

4. Grant such further relief as deemed just.

**JURY DEMAND**

Plaintiff, Candy Akins, demands trial by jury.

Candy Akins,

By:/s/ David J. Philipps___
One of Plaintiff's Attorneys

Dated: June 20, 2012

David J. Philipps (Ill. Bar No. 06196285)
Mary E. Philipps (Ill. Bar No. 06197113)
Philipps & Philipps, Ltd.
9760 S. Roberts Road
Suite One
Palos Hills, Illinois 60465
(708) 974-2900
(708) 974-2907 (FAX)
davephilipps@aol.com
mephilipps@aol.com

Steven J. Halbert (Ind. Bar No. 14254-02)
11805 N. Pennsylvania Street
AmeriCenters Building
Carmel, Indiana 46032
(317) 706-6762
(317) 706-6763 (FAX)
shalbertlaw@aol.com